# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

In the matter of: )
) Chapter 13 Case
EMMITT W. JACOBS )
ELIZABETH JACOBS ) Number <u>04-42683</u>
)
        *Debtors* )

FILED
at 11 o'clock & 33 min A M
Date 4-22-05
CK
United States Bankruptcy Court
Savannah, Georgia

## ORDER ON OBJECTION TO CONFIRMATION
## AND MOTION FOR DISMISSAL

Debtor and his wife, Elizabeth Jacobs, filed this joint Chapter 13 petition on September 3, 2004. On September 8, 2004, this Court entered an order dismissing Elizabeth Jacobs because she was ineligible to file a bankruptcy petition at that time. On September 30, 2004, Select Portfolio Servicing, Incorporated ("Movant"), as the servicing agent for Fairbanks Capital Corporation, filed this Objection to Confirmation and Motion for Dismissal. This Court held a hearing on the motion on March 29, 2005. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and enters the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

Movant's claim in the case arises from a promissory note dated January 29, 2001, which is secured by Debtor's real property located at 245 Scarborough Street, Savannah, Georgia. The property is jointly owned by Debtor and his wife, Elizabeth Jacobs.

Debtor and/or Elizabeth Jacobs have filed for bankruptcy protection four times in the past five years. An outline of the prior cases follows:

1. Debtor and Elizabeth Jacobs filed a joint Chapter 13 petition on November 2, 2000 (case number 00-43166). On the debtors' motion, that case was dismissed on March 28, 2001, with a 180 day bar against refiling for failure to pay the filing fee.

2. Debtor and Elizabeth Jacobs filed a joint Chapter 13 petition on August 5, 2002 (case number 02-42485). This Court granted relief from stay to Movant on September 19, 2003. That case was dismissed on October 6, 2003, pursuant to the Chapter 13 Trustee's motion for failure to make payments.

3. Elizabeth Jacobs filed a Chapter 13 petition on December 2, 2003 (case number 03-43846). This Court granted relief from stay to Movant on June 28, 2004. That case was dismissed on June 28, 2004 with a 180 day bar against refiling for failure to make payments, failure to attend the Confirmation Hearing and failure to pay the filing fee.

4. Debtor and Elizabeth Jacobs filed this joint Chapter 13 petition on September 3, 2004. Elizabeth Jacobs was dismissed on September 8, 2004 because she was barred from refiling in her prior individual case.

In the case before the Court today, Debtor proposes to pay $150.00 per month, and he is current in his plan payments. Debtor is retired and reported his income for 2002 and 2003 as $15,000.00 from Social Security and his pension. Other than Movant's secured claim for $33,400.00, Debtor listed only $1,332.00 in unsecured, non-priority claims.

## CONCLUSIONS OF LAW

Movant argues that the Court should not confirm Debtor's plan and should dismiss Debtor's Chapter 13 case because both were filed in bad faith. Finding that a plan or petition was not filed in good faith does not require a finding of actual fraud, necessitating proof of malice or scienter. Shell Oil Co. v. Waldron (In re Waldron), 785 F.2d 936, 941 (11th Cir. 1986). In Kitchens v. Georgia R.R. Bank and Trust Co. (In re Kitchens), 702 F.2d 885, 888-89 (11th Cir. 1983), the Eleventh Circuit held that when conducting a good faith analysis bankruptcy courts should consider the facts and circumstances of the individual case.[1]

A Chapter 13 plan must be proposed in good faith in order to be confirmed. 11 U.S.C. § 1325(a)(3). To determine whether a plan was proposed in good faith, a court must examine the totality of the circumstances. In re Sellers, 285 B.R. 769, 773 (Bankr. S.D. Ga. 2001)(Davis, J.). The debtor bears the burden of proving that his plan was proposed in good faith. In re Snipes, 314 B.R. 898, 902 (Bankr. S.D. Ga. 2004)(Davis, J.).

As to the Motion to Dismiss, this Court has held that the same factors announced

---

[1] In Kitchens, 702 F.2d at 888-89, the Eleventh Circuit listed the following nonexclusive factors to be considered when determining if a plan was proposed in good faith:
(1) the amount of the debtor's income from all sources;
(2) the living expenses of the debtor and his dependents;
(3) the amount of attorney's fees;
(4) the probable or expected duration of the debtor's Chapter 13 plan;
(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
(6) the debtor's degree of effort;
(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
(8) special circumstances such as inordinate medical expense;
(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
(11) the burden which the plan's administration would place on the trustee.

in Kitchens should be used to determine whether the petition was filed in good faith. In re Young, Ch. 13 No. 92-41720, slip op. at 9 (Bankr. S.D. Ga. April 19, 1993)(Davis, J.). However, dismissal of a petition is a more severe remedy than denying confirmation, and for that reason, a dismissal under Section 1307 requires a more stringent showing of a lack of good faith. See In re Love, 957 F.2d 1350, 1356 (7th Cir. 1992). Further, in a motion to dismiss under Section 1307, the burden of proof is on the moving party. See In re Virden, 279 B.R. 401, 407 (Bankr. D. Mass. 2002)(noting that the distinction between the good faith determinations under Section 1325 and Section 1307 is the party bearing the burden of proof). This Court characterized the inquiry as "whether the filing is fundamentally fair to creditors and more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions?" Nesmith v. James, (In re James), No. 98-20139, 1998 WL 34064494, at * 4 (Bankr. S.D. Ga. July 30, 1998)(Davis, J.)(quoting In re Love, 957 F.2d 1350, 1357 (7th Cir. 1992)).

Movant contends that Debtor has had the benefit of bankruptcy protection without reducing the amount owed on Movant's claim. Further, Movant has received relief from the automatic stay more than once, and Debtor or Elizabeth Jacobs filed a subsequent petition frustrating Movant's efforts to exercise its state law rights. Movant submitted to the Court an affidavit evidencing that Debtor has made only five payments on the loan between the August 5, 2002 filing and the filing of the case before the Court today. Further, the prepetition arrearage in the August 2002 case was $3,081.05, and the prepetition arrearage in the current case is $15,536.13.

Although there is no per se rule prohibiting the filing of successive Chapter 13 petitions, serial filings may evidence a lack of good faith. See In re Jones, 289 B.R. 436, 439 (Bankr.

M.D. Ala. 2003); In re Hunter, No. 93-41649, 1994 WL 329315, at *2 (Bankr. S.D. Ga. March 31, 1994)(Walker, J.). Debtor's property its protected by the automatic stay for almost two years while Movant is not being paid on its claim. Further, the prepetition arrearage has increased dramatically with the filing of each new case. This Court wrote, "[t]he main effect of serial filing is to achieve a continuing reimposition of the automatic stay which prohibits a creditor from exercising its rights against a debtor's collateral." In re Snipes, 314 at 901. This Court finds that the serial filings in this case evidence a lack of good faith.

Due to illness, Debtor was unable to attend the hearing on March 29, 2005. The Court provided Debtor a limited opportunity to supplement the record with an affidavit disputing the facts Movant presented. Debtor submitted nothing to the Court disputing the bad faith allegations. Thus, Debtor failed to satisfy his burden of proving that his plan was proposed in good faith. For that reason, Movant's Objection to Confirmation is sustained. Although the burden of proof in a motion to dismiss for lack of good faith rests on the moving party, it is incumbent upon the debtor to dispute the allegations. Since Debtor has made no showing to this Court and Movant has demonstrated a lack of good faith, Debtor's case is dismissed.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Movant's Objection to Confirmation is SUSTAINED.

IT IS FURTHER ORDERED that Movant's Motion to Dismiss is GRANTED, and pursuant to this Court's authority under 11 U.S.C. §§ 105 and 349, Debtor is barred from refiling

a bankruptcy petition for 180 days.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 22 day of April, 2005.